Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of $62,099.25, which it alleges is due it on two written contracts which it entered into with the defendant. Of this sum $5,370.29 is alleged to be due on the contract of October 2, 1918, and the defendant does not deny that it is due. The balance of the amount, the sum of $56,728.96, is alleged to be due the plaintiff on the contract of February 1, 1919, and this sum the United States, while admitting it is the amount now due on that contract, contends should not be paid because of a mutual mistake, which consisted in attaching to the last-named contract certain drawings known as Nos. 82449 and 82450, and that the aforesaid contract was executed under the mutual and mistaken belief that other drawings calling for lai’ger sized buildings were attached to the contract, and that the sum of $231,658.09 agreed to be paid the plaintiff in the contract referred to the construction of the large buildings shown on the drawings which by mistake were not attached to said contract.
The United States assuming that its position in the controversy was correct, appointed a board to determine the cost of the construction of the buildings provided for in the contract and, acting upon the report of said board, deducted from the contract price the sum of $53,730.61, and refused to pay the-amount agreed upon in the contract, and by a cross petition filed in this suit asks the court to correct the mistake and re-form the contract.
The court will not re-form a contract and correct an alleged mistake unless the party asking to have a written contract re-formed makes out a clear case and one free from doubt. This is elementary law and it is not necessary to cite authorities in support of it.
*423 In the case at bar there is very great doubt as to any mistake having been made by either party, and certainly there is no evidence that the plaintiff made any mistake or had any doubt about the effect and purpose of the contract. The evidence is contradictory as to the attitude of the defendant, and not until a month after the execution of the contract was any question raised as to its meaning.
The facts go to show that both parties to the contract understood what it meant when they executed it.
Under the contract of October 2, 1918, the defendant had the privilege of making changes in the contract, plans and specifications, and the plaintiff was obliged under the terms of the contract to “ proceed with such changes as directed in writing by the Chief of the Bureau of Yards and Docks.” Par. 17, p. 110 of the record. The same-paragraph provides as to how the cost of changes shall be ascertained, and the plaintiff agrees to accept any decrease in price approved by the Chief of the Bureau of Yards and Docks in full satisfaction for all work done under the contract. Thus the defendant had it in its power to have the work done under a contract which was already in effect, but the defendant preferred to enter into another and separate written contract with the plaintiff providing for the construction of these additional buildings, and having done so the defendant can not now7 repudiate its own agreement unless fraud or mistake can be shown.
It is difficult to understand why the amount of $231,658.09 was incorporated in the contract if the understanding was that a board should, after the work was completed, fix the price to be paid to the plaintiff.
That the drawings Nos. 82449 and 82450 were intended to be attached to the contract seems very plain when it is considered that the execution of the contract was delayed because these drawings had not been completed; and that these drawings were to be used in ascertaining the price to be fixed in the contract seems established when it is considered that the board which was to recommend the price to be paid for the work did not make its recommendation until after these drawings were furnished it by the Bureau of Yards and *424 Docks, and it then recommended the amount which appeal’s in the contract, its recommendation being alluded to in the contract tself. That the plaintiff in its estimates made to the board was governed by these drawings is equally clear, when it is considered that it did not make its estimates of the cost of the work until after it had been furnished with the said drawings.
We are of opinion that no mistake of fact has been established and that the contract of the parties should not be re-formed. A judgment will be entered for the plaintiff in the sum of $62,099.25, the full amount of its claim. It is so ordered.
Graham, Judge; Dowkey, Judge; Booth, Judge, and Oampbeul, Chief Justice, concur.